**Allan Ibarra SILDORA, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

**No. 99–71344.**

**I & NS No. A38–562–074.**

United States Court of Appeals, Ninth Circuit.

Submitted March 13, 2001 \*\*.

Decided April 9, 2001.

Rehearing Denied Sept. 13, 2001.

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

\* John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before SNEED, FERNANDEZ, and KLEINFELD, Circuit Judges.

MEMORANDUM \*\*\*

■ We have jurisdiction to determine if Sildora is an alien who committed a crime of moral turpitude.[1] The Immigra-

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See* 8 U.S.C. § 1252(a)(2)(C); *Alfaro–Reyes v. INS,* 224 F.3d 916 (9th Cir.2000); *Castro–Baez v. Reno,* 217 F.3d 1057 (9th Cir.2000).

tion Act renders removable aliens who commit a crime of moral turpitude "for which a sentence of one year or longer may be imposed." [2] Sildora was convicted of manslaughter,[3] which in Hawaii carries a possible sentence of up to ten years.[4] Sildora only served a sentence of 364 days. Nevertheless, Sildora was convicted of a crime for which the judge may have, in his discretion, imposed a sentence of over one year. Sildora therefore committed a crime of moral turpitude as defined by statute and is ineligible for relief from deportation.

We have no jurisdiction to address Sildora's claim that he is eligible for cancellation of removal.[5]

■ Section 304 of the Immigration Reform Act repealed the criteria for discretionary relief for deportation previously found in section 212(c) of the Immigration Act,[6] and replaced it with a new "Cancellation of Removal" proceeding.[7] Sildora argues that it is unconstitutional to apply this provision to him retroactively. We addressed this exact issue in *Richards–Diaz v. Fasano*,[8] and concluded that Congress intended to apply this provision retroactively.[9] *Richards–Diaz* held that there is an impermissible retroactive effect *only* when the alien can show that his guilty plea was entered in specific reliance on the availability of a deportation waiver.[10] Sildora has demonstrated no such reliance so there is no impermissible retroactive effect.

The petition for review is DENIED and DISMISSED.

---

**2.** *See* 8 U.S.C. § 1227(a)(2)(A)(i)(I)-(II).

**3.** We have previously held that manslaughter is a crime of moral turpitude. *See Ma v. Reno*, 208 F.3d 815 (9th Cir.2000).

**4.** *See* Hawaii Rev. Statutes § 706–660.

**5.** *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Alfaro–Reyes*, 224 F.3d at 921; *Flores–Miramontes v. INS*, 212 F.3d 1133, 1137 (9th Cir.2000).

**6.** *See* 8 U.S.C. § 1182(c) (1994).

**7.** Codified at 8 U.S.C. § 1229b.

**8.** 233 F.3d 1160 (9th Cir.2000).

**9.** *See id.* at 1164.

**10.** *See Richards–Diaz*, 233 F.3d at 1165.

